UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH FETCHICK, III,

     Plaintiff,

v.                              Case No:  6:15-cv-96-Orl-28TBS

DONALD F. ESLINGER,

     Defendant.

_____

## ORDER

Pending before the district judge is Defendant's fully briefed motion to dismiss Plaintiffs second amended complaint (Docs. 29, 30, 35, 38).   Pending before this Court is Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Doc. 39).

Defendant argues that discovery should be stayed pending the resolution of his motion to dismiss to "spar[e] the parties the burden of potentially unnecessary discovery [and that] it [would be] inefficient and burdensome to conduct discovery while a dispositive motion remains pending."   (Doc. 39 at 2, ¶ 7).   Defendant conclusively states that he has met his burden of showing good cause to grant the motion (Id. at 3).   Plaintiff maintains that discovery should proceed as scheduled to prevent further delay and that an absolute rule staying discovery while a motion to dismiss is pending does not exist in this jurisdiction (Doc. 40).

District courts enjoy the discretion to stay discovery during the pendency of a motion that may dispose of the case.   But, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved."   Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 U.S. Dist. LEXIS 108492, 2013 WL 3929709, at *1 (S.D. Fla. July

31, 2013).   The judges of this federal court have advised litigants that "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion."   Middle District Discovery (2015) at 5.[1]   "Such motions for stay are rarely granted."   Id.[2]   They are disfavored because they tend to delay resolution of cases.   Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988).

The party seeking a stay has the burden of showing good cause and reasonableness.   Id.; see also Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); Ameritox, Ltd. v. Millennium Labs., Inc., Case No: 8:11-cv-775-T-24-TBM, 2012 U.S. Dist. LEXIS 68214, at *5 (M.D. Fla. May 16, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006).   In deciding whether to grant a stay a court,

> must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.   It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face

---

[1]   The Court has adopted certain rules, practices, and procedures that are embodied in the Local Rules and the district's discovery handbook.

[2]   Defendant relies on Moore v. Shands Jacksonville Medical Center, Inc., No. 3:09-cv-298-J-34TEM, 2009 WL 4899400 (M.D. Fla. Dec. 11, 2009) and Jackson-Bear Group, Inc. v. Amirjazil, No. 2:10-cv-332-FtM-29SPC, 2011 WL 720462 (M.D. Fla. Feb. 22, 2011). (Doc. 39 at 3).   Both of these cases rely on Chudasama v. Mazda Corporation, 123 F.3d 1353, 1367-68 (11th Cir. 1997).   Contrary to Defendants' argument, what Chudasama and its progeny stand for is the "proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."   Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (citing In re Winn Dixie Stores, Inc., No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, *1 (M.D. Fla. June 28, 2007)).

> there appears to be an immediate and clear possibility that it
> will be granted.

<u>Simpson</u>, 121 F.R.D. at 263; <u>see</u> <u>also</u> <u>Koock</u>, 2009 WL 2579307, at 2 ("In deciding

whether to stay discovery pending resolution of a motion to dismiss ... the court must take

a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be

clearly meritorious and truly case dispositive.'") (citing <u>McCabe</u>, 233 F.R.D. at 685).

After reviewing the second amended complaint and Defendant's pending motion to

dismiss the Court is not convinced that Defendant will prevail or that if he does prevail,

that leave to further amend will not be granted.   Therefore, Defendant's Motion to Stay

Discovery is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 3 -